# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0322V
**Filed: April 12, 2016**
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| BEATRICE THOMURE, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | *   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | *   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA*, for petitioner.
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC*, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 30, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a brachial plexus injury as a result of an influenza ("flu") vaccination she received on October 1, 2013. On November 2, 2015, a decision was issued awarding compensation to petitioner based on respondent's proffer. (ECF No. 21).

On March 10, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 26). Petitioner requests attorneys' fees in the amount of $16,642.00, attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $679.67, and petitioner's out-of-pocket costs in the amount of $422.95,[3] for a total amount of $17,744.62.  *Id.* at 1.

On March 18, 2016, respondent filed a response to petitioner's motion.  (ECF No. 28).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00 and $14,000.00," but provides no basis or explanation for how she arrived at this proposed range.  *Id.* at 3.

On March 28, 2016, petitioner filed a reply.  (ECF No. 29).  Petitioner argues that respondent's unfiled "survey" of fees and costs awarded in past cases is "intended to suggest a 'cap' on attorneys' fees and costs" and "provides no helpful information" for the undersigned to use in making her determination.  *Id.* at 4-5.  Petitioner further argues that respondent has "not specifically object[ed] to any particular item contained in [her] application," and instead offers only a "blanket" objection, supported by nothing more than "a vague and unhelpful estimation."  *Id.* at 6-8.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

Petitioner requests supplemental attorneys' fees in the amount of $425.00 for preparing the reply brief.  (ECF. No. 30).  The undersigned reviewed the submitted billing records and finds the request for additional fees to be reasonable; the full amount requested, $425.00, is awarded.  Thus, the total amount awarded for attorneys' fees and costs is **$18,169.62**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **<u>GRANTS</u>** petitioner's motion and supplemental motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $18,169.62 as follows:**

**(1) A lump sum of $17,746.67**[4]**, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Ronald C. Homer; and**

---

[3] In compliance with General Order #9, petitioner filed a signed statement indicating she incurred $422.95 in out-of-pocket expenses.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would

**(2) A lump sum of $422.95, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Beatrice Thomure.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.